J-S48018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHNNIE LEWIS BROWN | |
| Appellant | No. 567 MDA 2014 |

Appeal from the PCRA Order February 28, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001178-2010

BEFORE:  DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 22, 2014**

Johnnie Brown ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Appellant's counsel has filed a brief that asserts the appeal is wholly frivolous, together with a petition to withdraw as counsel.[2] We remand due

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] Appellant counsel purports to file the instant brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*), which established the appropriate procedure for appointed counsel to request withdrawal in meritless collateral attacks on criminal convictions. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa.2009) (outlining **Turner**/**Finley** requirements); **Commonwealth v. Friend**, 896 A.2d 607, 614 (Pa.Super.2006) (same). However, counsel's instant filing is actually a brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), which
*(Footnote Continued Next Page)*

to counsel's failure to comply with the procedural requirements of the collateral appeal briefing/withdrawal process.

Following trial, a jury found Appellant guilty of possession of a controlled substance,[3] possession of drug paraphernalia,[4] and escape.[5] On October 20, 2011, the trial court sentenced Appellant to an aggregate sentence of 6 to 12 years of incarceration.

Appellant brought a direct appeal alleging the trial court erred in denying his motion to suppress evidence and challenging the sufficiency of the evidence. This Court affirmed his judgment of sentence on July 31, 2012. Appellant did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

---

*(Footnote Continued)* ─────────────

established the procedures and requirements for appointed counsel to withdraw in the context of a meritless direct appeal. *See Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa.Super.2012) (outlining *Anders* requirements). "Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super.2011). However, because a *Turner/Finley* no merit letter is the appropriate filing for a PCRA appeal that appointed counsel deems meritless, we review this filing for compliance with *Turner/Finley*. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super.2004).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(32).

[5] 18 Pa.C.S. § 5121(a).

On June 27, 2013, Appellant filed a timely *pro se* PCRA petition to which the Commonwealth filed an answer. Thereafter, the PCRA court appointed counsel, who filed an amended PCRA petition. The amended petition alleged trial counsel was ineffective for: (1) failing to motion the trial court to produce a subpoenaed witness, (2) failing to investigate and present at trial the jacket Appellant was wearing at the time of arrest, (3) failing to object to testimony regarding outstanding warrants for Appellant's arrest, (4) failing to file a pre-trial motion requesting fingerprint and/or DNA testing of evidence, (5) failing to request that the court sequester the Commonwealth's witnesses, and (6) failing to argue that the arresting officer's warrant check of Appellant violated his constitutional rights. **See** Amended PCRA Petition, pp. 2-3.[6] The PCRA court conducted a hearing on January 14, 2014, and denied the petition on February 28, 2014. Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal that alleged the PCRA court erred in denying his claims that trial counsel (1) failed to secure the appearance of a witness, (2) failed to present a jacket at trial, and (3) failed to request fingerprint and/or DNA testing. **See** 1925(b) Statement, April 17, 2014. The PCRA court filed a Pa.R.A.P. 1925(a) opinion that adopted the court's previously-filed Order

_____

[6] This Court has inserted the pagination into the unnumbered Amended PCRA Petition.

- 3 -

and Opinion denying the petition. **See** Opinion Pursuant to Pa.R.A.P. 1925(a), April 21, 2014.

As previously noted, although technically an **Anders** brief, we review this filing for compliance with the requirements of **Turner**/**Finley**. **See Widgins**, **supra**; **Fusselman**, **supra**. Our Supreme Court has explained the procedure required for court-appointed counsel to withdraw from PCRA representation:

> [**Turner** and **Finley**] establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;
>
> 2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

**Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa.2009) (citations omitted). In addition, this Court has required that PCRA counsel who seeks to withdraw must:

> contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event the court grants the

application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

***Commonwealth v. Friend***, 896 A.2d 607, 614 (Pa.Super.2006) (emphasis deleted).

Instantly, counsel has not substantially complied with these additional requirements. Counsel filed a motion to withdraw as counsel. ***See*** Amended Motion to Withdraw as Counsel ("Motion to Withdraw"). The Motion to Withdraw states that counsel conducted a PCRA hearing on Appellant's behalf, reviewed the PCRA court's denial of the PCRA petition, and conferred with Appellant about the court's denial and the merits of a possible appeal. ***See*** Motion to Withdraw, p. 2 (pagination supplied). The Motion to Withdraw determined that there were no non-frivolous issues to be raised on appeal. ***Id.*** The Motion to Withdraw further explains the steps taken by counsel to preserve Appellant's appellate rights. ***Id.***

However, counsel's letter to Appellant informing him of the forthcoming no-merit letter/brief and counsel's Motion to Withdraw is deficient for multiple reasons. First, the letter did not supply Appellant with a copy of the forthcoming no-merit letter/brief, which the letter indicates counsel had not yet filed. ***See*** Letter to Appellant, April 17, 2014, attached as Exhibit A to the Motion to Withdraw. Second, the letter advises Appellant that he may proceed with privately-retained counsel or proceed *pro se* "[i]f the Court grants the motion to withdraw." ***Id.*** Implicit in this advice is that Appellant must await this Court's decision on the Motion to Withdraw before

- 5 -

filing further submissions, either proceeding *pro se* or with the help of new counsel. This advice is incorrect. This Court simultaneously decides PCRA appeals and appointed counsels' motions to withdraw. Therefore, once we grant counsel's Motion to Withdraw, we will also rule on the merits of the issues raised in the PCRA appeal. Any arguments submitted by Appellant thereafter would be untimely and could not be considered by the Court. Accordingly, if followed, counsel's advice would deprive Appellant of the required opportunity to proceed *pro se* or with privately-retained counsel.

While counsel has partially complied with the requirements of **Turner/Finley**, we find that compliance deficient. Consequently, we remand this matter and direct appointed counsel to either re-file his **Turner/Finley** no merit letter and a proper petition to withdraw, or to file a responsive advocate's brief within thirty days of the date of this decision. Should Appellant's counsel choose to re-file a **Turner/Finley** letter, we direct him to adhere to the requirements described earlier within this memorandum. Specifically, counsel must provide Appellant with a copy of the no merit letter and advise Appellant that he has the right to retain new counsel, or to proceed *pro se*, and/or to provide this Court with any information he deems worthy of our attention. If counsel files a **Turner/Finley** no-merit letter with a petition to withdraw, Appellant may file his own brief, either *pro se* or through private counsel, within forty-five days of his receipt of appointed counsel's petition to withdraw.

Case remanded. Jurisdiction retained.

Judge Platt concurs in result.