J. S67041/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT F. TYACK, | : | |
| | : | |
| Appellant | : | No. 867 WDA 2014 |

Appeal from the PCRA Order April 17, 2014
In the Court of Common Pleas of Blair County
Criminal Division No(s).: CP-07-CR-0000408-1994

BEFORE: DONOHUE, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED DECEMBER 02, 2014**

Appellant, Robert F. Tyack, appeals from the order entered in the Blair County Court of Common Pleas dismissing his first Post Conviction Relief Act ("PCRA")[1] petition for ineligibility for relief as he was no longer serving a sentence for the crime that underlies the petition. Appointed counsel has filed a petition for leave to withdraw with this Court. We affirm the order and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant pleaded no contest to a charge of simple assault on May 13, 1994. He was sentenced to probation for a period of eight months. Order, 5/16/94. Appellant did not appeal.

On March 26, 2013 he filed the underlying *pro se* PCRA petition. Counsel was appointed to represent Appellant. On March 7, 2014, the Commonwealth filed a motion to dismiss the PCRA petition. The PCRA court held a hearing on April 17, 2014, and on the same day dismissed the PCRA petition based upon lack of jurisdiction because Appellant was no longer serving his sentence. Counsel filed a motion to withdraw with the PCRA court on May 16, 2014. The PCRA court denied the motion. Order, 6/10/14. This timely appeal followed. Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Instantly, counsel has filed a petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Nischan***, 928 A.2d 349 (Pa. Super. 2007). Paul M. Puskar, Esq.'s Pet. to Withdraw as Counsel, 7/28/14, at Ex. 4. Because the instant case involves a petition for post-conviction relief, counsel should follow the procedures of ***Turner*** and ***Finley***[2] to withdraw as counsel. ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. super. 2004). "However, because an ***Anders*** brief provides

---

[2] ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

greater protection to the defendant, we may accept an Anders brief in lieu of a *Turner*/*Finley* brief." *Id.*

> Prior to reviewing the merits of this appeal, we first decide whether counsel has fulfilled the procedural requirements for withdrawing as counsel. As we have explained:
>
>> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [*Turner*, *supra* and *Finley*, *supra* and] . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>>
>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citations omitted).

Upon review of the instant petition to withdraw and brief filed with this Court, we conclude that counsel has complied with the requirements necessary to withdraw as counsel. "[W]e now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition." *Id.*

Appellant avers that he was misrepresented and led to believe a no-contest plea meant that he was neither innocent nor guilty. Appellant stated that nineteen years after the plea, he was told that a no-contest plea is

tantamount to pleading guilty. Appellant raises the following issue for our review: "Whether the [PCRA] Court erred in dismissing [his] current PCRA petition." Appellant's Brief at 2.

Instantly, the PCRA court opined:

> [Appellant] pled no contest to Simple Assault on March 13, 1994 and was placed on probation for a period of eight months and said **probation would have concluded in 1995**. Therefore, the Court is constrained to agree with the Commonwealth that [Appellant] **completed his sentence eighteen years ago and does not meet the eligibility requirements for relief**.

Order, 4/17, 2014 (emphasis added). We agree Appellant is ineligible for relief.

The PCRA provides, in pertinent part:

> **(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
>> (i) **currently serving a sentence of imprisonment, probation or parole for the crime**[.]

42 Pa.C.S. § 9543(a)(1)(i) (emphasis added).

> Our supreme court [sic] has held that, to be eligible for relief under the PCRA, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime." 42 Pa.C.S.A. § 9543(a)(1)(i). As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition. In addition, this court determined in ***Commonwealth v. Fisher***, 703 A.2d

714 (Pa. Super. 1997), that **the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence**. *Id.* at 716[.]

*Commonwealth v. Hart*, 911 A.2d 939, 941-42 (Pa. Super. 2006) (some citations omitted and emphasis added).

In the instant case, Appellant's probation ended and his sentence was completed in 1995. Because he is no longer serving a sentence for the conviction he challenges, we agree with the PCRA court that he is ineligible for relief under the PCRA. *See* 42 Pa.C.S. § 9543(a)(1)(i); *Hart*, 911 A.2d at 942.

Order affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/2/2014</u>