J-S09006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL MICHAEL MATTHEWS | |
| Appellant | No. 1102 MDA 2015 |

Appeal from the PCRA Order May 29, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002452-2013

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 11, 2016**

Appellant, Paul Michael Matthews, appeals from the order entered May 29, 2015, in the Court of Common Pleas of York County, which denied his Post Conviction Relief Act[1] petition. Additionally, Matthews's court-appointed counsel, John M. Hamme, Esquire, has filed an application to withdraw as counsel. After careful review, we affirm the trial court's order and grant Attorney Hamme's application to withdraw as counsel.

Following a November 8, 2013 bench trial, the trial court found Matthews guilty of robbery, simple assault, and retail theft.[2] On January 8, 2014, the court sentenced Matthews to a term of ten to twenty years imprisonment. On appeal, this Court affirmed the judgment of sentence. ***See***

---

[1] 42 Pa.C.S.A. § 9541, *et seq*.
[2] 18 Pa.C.S.A. §§ 3701(a)(1); 2701(a)(3); and 3929(a)(1), respectively..

*Commonwealth v. Matthews*, 116 A.3d 679 (Pa. Super., filed Dec. 4, 2014) (unpublished memorandum).

Matthews filed a timely *pro se* PCRA petition. The PCRA court subsequently appointed PCRA counsel and held a hearing on the petition. Following the hearing, the PCRA court granted Matthews' petition in part and modified the original sentence imposed to eight to twenty years' imprisonment. The PCRA court denied the remaining claims. This timely appeal followed.

We will first address counsel's motion to withdraw. Pennsylvania law requires counsel seeking to withdraw from representing a petitioner under the PCRA to file a 'no-merit' letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (1988) (*en banc*). *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003).

> Counsel petitioning to withdraw from PCRA representation must proceed ... under [*Turner* and *Finley* and] ... must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, counsel has complied with the foregoing procedural requirements.[3] Accordingly, we will proceed to examine whether any of the issues counsel raises on appeal are of merit.

    I.    Whether the court erred in denying Appellant's PCRA petition when the Commonwealth violated the agreement made with Appellant at his preliminary hearing?

    II.    Whether the PCRA court erred in denying Appellant's PCRA petition when Appellant did not knowingly or voluntarily waive his right to a jury trial in favor of a stipulated bench trial?

Appellant's Brief at 4 (unnecessary capitalization omitted).

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of

---

[3] We note that although counsel incorrectly submitted his *Turner/Finley* letter as a brief pursuant to the requirements of *Anders v. California*, 386 U.S. 738 (1967), the procedure to withdraw from a direct appeal imposes stricter requirements than those imposed in a *Turner/Finley* withdrawal. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. **See** 42 Pa.C.S.A. § 9543(a)(3).

The issues Matthews raises in his PCRA petition could have been raised on direct appeal. Section 9544(b) of the PCRA states that, "[f]or purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Matthews could have raised his current allegations—that the Commonwealth violated the preliminary hearing agreement and that his waiver of a jury trial was involuntary—at trial or on direct appeal. He did not. Therefore, we are constrained to find that these issues are waived.[4] **See id**.

---

[4] Notably, Matthews does not attribute his allegations of error to the ineffective assistance of trial counsel, nor does the record support such an assertion. Although the PCRA court's Rule 1925(a) opinion examined these claims as allegations of ineffective assistance of counsel, Matthews did not raise these issues in that light in his PCRA petition filed March 2, 2015. It is well settled that the "[f]ailure to state … a ground [for relief] in the [PCRA]
*(Footnote Continued Next Page)*

We have conducted an independent review of the record and found no other issues of merit. Based on the foregoing, we agree with counsel's conclusion that Matthews' appeal lacks merit. Accordingly, we affirm the order of the PCRA court dismissing in part Matthews's petition for post-conviction relief and grant counsel's application to withdraw.

Order affirmed. Petition to withdraw as counsel is granted.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/11/2016</u>

*(Footnote Continued)* ──────────

petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P. 902(B).