J-S23010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WESLEY B. WHITE, | |
| Appellant | No. 2486 EDA 2015 |

Appeal from the PCRA Order July 10, 2015
in the Court of Common Pleas of Bucks County
Criminal Division, at No(s): CP-09-CR-0000690-2013

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED MAY 20, 2016**

Appellant, Wesley B. White, appeals from the order granting his request to withdraw his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. PCRA counsel has filed a motion to withdraw. We affirm the PCRA court's order, and grant counsel's request to withdraw.

This case arises from Appellant's participation in a widespread distribution of crystal methamphetamine. On November 26, 2012, Appellant was charged with multiple criminal offenses relating to operation of the drug ring. Appellant entered a negotiated plea to one count each of possession with intent to deliver ("PWID"), conspiracy to commit PWID, and corrupt

---

[*] Former Justice specially assigned to the Supreme Court.

organizations. In return, the Commonwealth withdrew the remaining thirty-one charges. The trial court sentenced Appellant, in accordance with the plea agreement, to an aggregate term of five to ten years, to be followed by a five-year probationary term. Appellant did not file a direct appeal.

Appellant filed a timely *pro se* PCRA petition.The PCRA court appointed counsel ("PCRA counsel"). The PCRA court scheduled an evidentiary hearing. The PCRA court summarizes the events of that hearing as follows:

> At the hearing on July 10, 2015, [Appellant], through [PCRA] counsel, indicated to this [c]ourt that he wished to withdraw his PCRA Petition. [Appellant] testified that he had the opportunity to confer with [PCRA counsel] regarding this decision, and he felt he had enough time with her to discuss his claims and have any and all of his questions answered. He also testified that he did not have any additional questions regarding his decision. [Appellant] testified that he was not on medication that could affect his ability to understand, and he testified that no one threatened or coerced him into making the decision to withdraw his [PCRA petition]. Furthermore, [Appellant] indicated that he understood that if he withdrew his PCRA Petition, he would no longer be able to bring the claims raised therein in the future. This [c]ourt ensured that [Appellant] understood that no one could force him to withdraw, the he was making the decision to withdraw the petition freely and voluntarily after being apprised of all of the pertinent facts. [Appellant] indicated that he understood. Finally, [the PCRA court] informed [Appellant] that there is a thirty (30) day period from which he could appeal his decision to withdraw his PCRA petition. [Appellant] indicated that he understood.

PCRA Court Opinion, 10/30/15, at 3-4 (citations and footnote omitted). This timely appeal followed.

We first address PCRA counsel's petition to withdraw. This Court has explained:

The ***Turner***/***Finley*** decisions provide the manner for [PCRA] counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal.  The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court, if the no merit letter is filed before it, ***see Turner***, ***supra***, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.  . . .

[T]his Court [has] imposed additional requirements on [PCRA] counsel that closely track the procedure for withdrawing on direct appeal.  .  .  .   [PCRA] counsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. . . .

***Commonwealth v. Reed***, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted).

Here, PCRA counsel has substantially complied with the mandates of ***Turner*** and ***Finley***, as summarized in ***Reed***.[1] "Accordingly, we will proceed with our independent review of the questions presented to determine if

---

[1] PCRA counsel has filed a brief on Appellant's behalf which is more in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and the procedure for seeking withdraw from representation on direct appeal. Because ***Anders*** imposes stricter requirements than those imposed when counsel seeks to withdraw during the post-conviction process, we will assess counsel's assertion that the issue Appellant wishes to raise has no merit under a ***Turner***/***Finley*** analysis. ***See Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

[PCRA] counsel correctly concluded that the issues raised had no merit." ***Reed***, 107 A.3d at 141.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***See Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Within her motion to withdraw, PCRA counsel avers that she received a letter dated July 15, 2015, to appeal the PCRA court's "dismissal" of his PCRA. Motion, 12/23/15, at ¶ 3. PCRA counsel further avers that, in a letter dated five days later, she "clarified that the PCRA petition had been withdrawn, not dismissed. Counsel advised Appellant that if he wished to appeal the voluntariness of the withdrawal of his PCRA petition, she needed additional information from him to support the claim." ***Id***., at ¶ 4. PCRA counsel explains that, although she received no response from Appellant, "[i]n an abundance of caution," she filed the instant appeal. ***Id***., at ¶ 6.

This Court has never received a response to PCRA counsel's petition to withdraw from Appellant. This is understandable. The only claim Appellant could raise is that he was not competent to withdraw his PCRA—a claim that, as the PCRA court explains, is refuted by Appellant's responses at the PCRA hearing.

- 4 -

> Pursuant to **Commonwealth v. Bronshtein** [729 A.2d 1102, 1106 (Pa. 1999),] the Pennsylvania Supreme Court determined that a PCRA Petitioner's withdrawal of his petition and waiver of his appeal rights will be upheld where said waiver was knowing, intelligent and voluntary and subject to an adequate waiver colloquy by defense counsel and/or the trial court. []
>
> As set forth above, this [c]ourt's colloquy established that [Appellant] was making a knowing, intelligent, and voluntary waiver of his PCRA appeal. [Appellant] testified that he had enough time to confer with [PCRA counsel], a well-respected PCRA attorney, and that she answered all of his questions. Furthermore, he indicated that he was not on any medication which would hinder his understanding of the waiver, nor did anyone threaten or force him in any way to waive his PCRA appeal rights. [Appellant] also indicated that he understood he could not raise these claims again in a successive petition, as they would be deemed waived as a result of his withdrawal. He also indicated his awareness of the facts surrounding his decision to withdraw his PCRA Petition filed on August 19, 2013.
>
> Our independent review of the facts and procedural history of the instant case indicated to this [c]ourt that, based on the extent of his involvement in the crystal methamphetamine enterprise as well as the fact that, pursuant to the negotiated guilty plea, the Commonwealth agreed to *nolle pros* thirty-one (31) counts (including eight (8) deliveries) and, as such, if [Appellant] prevailed on the merits of his PCRA Petition and was resentenced, he could have faced a much higher sentence.

PCRA Court Opinion, 10/30/15, at 4-5.

The PCRA court's conclusions that Appellant's waiver of his PCRA rights was knowing, intelligent and voluntary, and that he was competent to provide the waiver, are amply supported by our review of the record. Thus, we agree with PCRA counsel's assessment of Appellant's appeal. Additionally, our independent evaluation of the record reveals that Appellant's PCRA petition is meritless. We therefore affirm the PCRA court's

order granting Appellant's request to withdraw his PCRA petition, and grant PCRA counsel's motion to withdraw.

Order affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016