J. S58003/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ARIEL COLON, JR., | : | No. 422 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 2, 2017,
in the Court of Common Pleas of Schuylkill County
Criminal Division at No. CP-54-CR-0001391-2014

BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED DECEMBER 05, 2017**

Ariel Colon, Jr. appeals from the February 2, 2017 order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Contemporaneously with this appeal, Jeffrey M. Markosky, Esq. ("PCRA counsel"), has requested leave to withdraw in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).  For the reasons that follow, we deny PCRA counsel's request to withdraw and remand this matter so that PCRA counsel may take appropriate action in accordance with our decision.

Appellant was found guilty of aggravated assault, recklessly endangering another person, and simple assault[1] and sentenced to an

---

[1] 18 Pa.C.S.A. §§ 2702, 2705, and 2701, respectively.

aggregate term of 9 to 20 years' imprisonment on March 19, 2015. On November 20, 2015, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *See Commonwealth v. Colon*, 134 A.3d 500 (Pa.Super. 2015). On June 27, 2016, appellant filed a *pro se* PCRA petition alleging the ineffectiveness of his trial counsel, and PCRA counsel was appointed to represent him. PCRA counsel filed an amended PCRA petition on appellant's behalf on December 15, 2016, and an evidentiary hearing was held on January 19, 2017. Following the hearing, the PCRA court entered an order on February 2, 2017 denying appellant's petition. This timely appeal followed. Thereafter, on April 6, 2017, PCRA counsel subsequently filed a "no-merit" letter and a petition to withdraw. Appellant did not file a *pro se* response to PCRA counsel's petition.

Preliminarily, we must address PCRA counsel's request to withdraw from representation. Upon review, we find that PCRA counsel's filing with this court, while couched as a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), satisfied the technical requirements of *Turner*/*Finley*.[2] However, our review of the docket indicates that although PCRA counsel

---

[2] *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (holding that although "[a] *Turner*/*Finley* no merit letter is the appropriate filing [in a PCRA proceeding,] . . . because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter"), *appeal denied*, 882 A.2d 477 (Pa. 2005).

requested transcripts of the proceedings when he filed a notice of appeal, the notes of testimony from the January 19, 2017 PCRA hearing were never transcribed. In **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa.Super. 2015), a panel of this court addressed whether an appointed counsel who sought to withdraw under **Anders** failed to fulfill his duty to search the record for any non-frivolous issues, where some of the transcripts were missing from the record. **Id.** at 1249-1250. The **Flowers** court denied appointed counsel's petition to withdraw and remanded, noting that Pennsylvania law makes clear neither counsel nor this court can satisfy **Anders** if counsel fails to supply this court with a complete record. **Id.** at 1250 (reasoning that, "[w]ithout these notes of testimony, Counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." (citations omitted)). Similarly, in the instant matter, we cannot conclude that PCRA counsel has fulfilled his obligations pursuant to **Turner**/**Finley**. Accordingly, we deny PCRA counsel's petition to withdraw and remand this matter with instructions for PCRA counsel to obtain the notes of testimony from the January 19, 2017 hearing and to file an advocate's brief or another **Turner**/**Finley** "no-merit" letter and petition to withdraw, following a review of the complete record.

Petition for leave to withdraw as counsel denied. Case remanded. Panel jurisdiction retained.