J-S47031-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY R. KLINGER, | : | |
| | : | |
| Appellant | : | No. 319 MDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002081-2008

BEFORE:   STABILE, J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 10, 2021**

Gary R. Klinger (Appellant) appeals from the December 12, 2019 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).[2] Before

---

[1] Appellant's underlying PCRA petition also collaterally attacked his convictions at docket number 4142 of 208, which were part of his negotiated plea agreement with the instant docket number. We note that Appellant has only filed a notice of appeal at docket number 2081 of 2008.

[2] In this Court, counsel filed an ***Anders*** brief seeking to withdraw as counsel on appeal.

> A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, [544 A.2d 927 (Pa. 1988)]; ***Commonwealth v. Finley***, [550 A.2d 213 (Pa. Super. 1988)] (*en banc*). Because an ***Anders*** brief provides greater

*(Footnote Continued Next Page)*

*Retired Senior Judge assigned to the Superior Court.

counsel may withdraw under the PCRA, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

> **Turner**/**Finley** counsel must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner**/**Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

*(Footnote Continued)* ────────────

protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter. **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

**Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

In counsel's petition to withdraw, she states that she will furnish Appellant with a copy of the **Anders** brief upon filing, and includes a copy of the letter she sent to Appellant. Petition to Withdraw, 7/31/2020, at ¶ 6, Exhibit A. However, other than counsel's statement and the addressing of the letter to Appellant, nothing in the letter, petition to withdraw, or certified record confirms that counsel contemporaneously served Appellant with copies of the letter, petition to withdraw, and **Anders** brief. Instead, the proofs of service attached to counsel's filings indicate service on the Commonwealth alone, and no proof of service was included with the letter appended to the petition to withdraw. Thus, counsel has not complied with the **Turner/Finley** notice requirements.

Accordingly, we deny counsel's petition to withdraw and direct counsel to send a copy of the letter, petition to withdraw, and **Anders** brief to Appellant with amended certificates demonstrating proper service on Appellant and the Commonwealth.

Petition to withdraw as counsel denied. Panel jurisdiction retained.