J-S07006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EVAN C. SANTUCCI | : | |
| | : | |
| Appellant | : | No. 509 WDA 2021 |

Appeal from the PCRA Order Entered March 29, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002460-2017

BEFORE:   OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED: MARCH 21, 2022**

Appellant, Evan C. Santucci, appeals from the order entered on March 29, 2021, which dismissed his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[1]  As

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Although counsel styled his brief as having been filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), we note that an **Anders** brief governs the withdrawal of counsel from direct appeal.  Nevertheless, as **Anders** imposes stricter requirements for withdrawal than those set forth in **Turner**/**Finley**, this Court accepts **Anders**-compliant briefs in the context of collateral review.  **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

we conclude that counsel fulfilled the procedural requirements of *Turner*/*Finley* and that this appeal is without merit, we grant counsel's petition to withdraw and affirm the PCRA court's order denying Appellant post-conviction relief.

On April 4, 2019, Appellant entered a negotiated guilty plea to criminal conspiracy, burglary, criminal trespass, possession of a firearm by a prohibited person, theft by unlawful taking, and receiving stolen property.[2]  On April 8, 2019, the trial court sentenced Appellant to serve the aggregate, negotiated term of two-and-one-half to 15 years in prison for his convictions.  N.T. Sentencing, 4/8/19, at 1-7.  Appellant did not file a direct appeal from his judgment of sentence.

On July 5, 2019, Appellant filed a timely, *pro se* PCRA petition.  The PCRA court appointed counsel to represent Appellant during the proceedings and counsel filed an amended petition on Appellant's behalf.  Within the amended petition, Appellant claimed that, on the day he entered his plea:

> [Appellant] was told by [his trial counsel (hereinafter "Trial Counsel")] that jury selection was scheduled very soon and that [Trial Counsel] was not prepared to go to trial.  [Trial Counsel] further informed [Appellant] that if he did not enter a plea of guilty he would surely be convicted and would face more time in prison than the amount of time offered in the plea.  [Appellant] believed he had no [other] choice [but to] enter the guilty plea.

Amended PCRA Petition, 6/25/20, at 1 (paragraphing omitted).

_____

[2] 18 Pa.C.S.A. §§ 903, 3502(a)(2), 3503(a)(1)(ii), 6105(a)(1), 3921(a), and 3925(a), respectively.

Appellant also claimed that Trial Counsel induced his plea by falsely telling him that his sentence would "run concurrent to a sentence he had in Somerset County." *See id.* at 2; Appellant's Brief at 5.

Appellant requested that the PCRA court allow him to withdraw his plea and proceed to trial. Amended PCRA Petition, 6/25/20, at 2.

On March 15, 2021, the PCRA court held a hearing on Appellant's petition, during which both Appellant and Trial Counsel testified. As the PCRA court explained:

> During his testimony, [Appellant] acknowledged completing the written guilty plea colloquy (of which [the PCRA court] took judicial notice and which [the court] incorporated into the record during [the] March 15, 2021 evidentiary hearing). Within such written colloquy, [Appellant] confirmed that he understood the charges to which he was pleading guilty and the potential maximum sentences for each. [Appellant] also confirmed that [Trial Counsel] explained the nature and elements of the criminal offenses to which he was pleading guilty. Throughout the written guilty plea colloquy, [Appellant] acknowledged that he understood that he had a right to a jury trial and all constitutional rights attached thereto, that he was giving up his right to a trial by judge or jury, *i.e.*, the right to present or pursue any pretrial motions, etc., and that if his guilty plea was accepted, his rights to appeal to a higher court would be limited to four grounds. . . .
>
> Within the colloquy, [Appellant] also confirmed that he was entering his guilty plea of his own free will, that no one could force him to do so, and that no force or threat had been used against him in entering his plea. [Appellant] additionally noted that he understood the plea agreement called for a sentence of [two-and-one-half] to 15 years. Finally, [Appellant] indicated that he was satisfied with [Trial Counsel's] representation[,] that he had sufficient time to discuss his case with [Trial Counsel], and that he had

considered the advantages and disadvantages of entering a plea of guilty instead of going to trial.

Of particular significance to this case, [Appellant] acknowledged that he was on probation and parole, that he understood that his guilty plea could mean a violation of his probation and parole, and that he may be sentenced to return to prison as a result of that violation. He also confirmed that he understood that the prison sentence for the charges before the court could be made to run consecutively to, or in addition to, any other jail or prison sentences on any other charges. The written guilty plea colloquy was signed by [Appellant] and [Trial Counsel].

At the time of entry of his guilty plea, [Appellant] also underwent an additional verbal colloquy by the [trial] court to further confirm that his guilty plea was entered knowingly, intelligently and voluntarily. [The PCRA court notes] that [Trial Counsel] entered the standard stipulation that the averments of the criminal complaint and affidavit of probable cause formed a factual basis for [Appellant's] plea.

During the March 15, 2021 evidentiary hearing, [Appellant] verified that he received a sentence consistent with his plea agreement. He also acknowledged that he understood that his sentence would be consecutive to his subsequent parole hit. His only real claim of error [was] that he thought the sentence would be concurrent to a [one-to-three] year sentence previously imposed in Somerset County, PA.

In review of the transcript from the April 8, 2019 [sentencing] hearing, there was absolutely no representation made by the [trial] court, [the assistant district attorney, or Trial Counsel] that the sentence imposed on such date would run concurrent to the [one-to-three] year Somerset County sentence. In fact, quite the opposite is true. During the guilty plea sentencing hearing, [Trial Counsel] specifically stated the following:

> [Appellant] is going to plead to all counts in the information for a period of [two-and-a-half to 15] years. [Two-and-a-half to 15]. That would be consecutive to all other time he is serving in other jurisdictions.

> During [the] PCRA evidentiary hearing, the Commonwealth presented the testimony of [Trial Counsel]. [Trial Counsel] confirmed that he has been a licensed attorney within the Commonwealth of Pennsylvania for approximately 25 years and has handled criminal defense cases. He confirmed that the original plea offer from the Commonwealth was [five] to 15 years; however, in part due to the criminal matters in other jurisdictions (which would include Somerset County), as well as the fact that [Appellant] was facing a potential state parole hit, he was able to negotiate the plea offer from the Commonwealth downward to [two-and-one-half] to 15 years. [Trial Counsel] confirmed that he never told [Appellant] that he had to accept a plea offer; never told him that he could not exercise his constitutional right to a trial; and explained to him that his [two-and-one-half] to 15 year sentence would be consecutive to any and all other sentences. [Trial Counsel] merely told [Appellant] that this was the best plea offer the Commonwealth would offer under the circumstances. It is worth noting that the bottom of the standard range for [Appellant] was 60 months for possession of firearm prohibited and 27 months for burglary. In all respects, [the PCRA court found Trial Counsel's] testimony to be credible.

PCRA Court Opinion, 3/29/21, at 6-10 (citations and some capitalization omitted).

Following the evidentiary hearing, the PCRA court denied Appellant relief and Appellant filed a timely notice of appeal. In this appeal, Appellant's counsel filed a petition to withdraw as counsel and a no-merit brief pursuant to ***Turner/Finley***. Counsel presents the following issue in the ***Turner/Finley*** brief:

> [Appellant] maintain[s] that his guilty plea[] was unlawfully induced because [Trial Counsel] told him that he was not prepared for trial and that if [Appellant] did not enter a guilty plea he would be convicted and face more time in prison than if he entered a plea. [Appellant] also maintain[s] that [Trial

Counsel] told him his sentence . . . would be run concurrent to a sentence he had in Somerset County.

Appellant's Brief at 5.

Prior to addressing the merits of the issues raised in the **Turner**/**Finley** brief, we must determine whether counsel met the procedural requirements necessary to withdraw. Counsel seeking to withdraw in PCRA proceedings

> must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of **Turner**/**Finley**, the court — [the PCRA] court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Muzzy**, 141 A.3d 509, 510–511 (Pa. Super. 2016) (citations and corrections omitted).

Here, counsel fulfilled the procedural requirements necessary for withdrawing as PCRA counsel. We thus turn to the claims raised in the **Turner**/**Finley** brief. As our Supreme Court has explained:

> In reviewing the grant or denial of PCRA relief, an appellate court considers whether the PCRA court's conclusions are supported by the record and free of legal error. Moreover,

the factual findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given deference. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made.

. . .

We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [An appellate court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Commonwealth v. Flor*, 259 A.3d 891, 910-911 (Pa. 2021) (quotation marks, citations, and corrections omitted).

On appeal, Appellant claims that: 1) "his guilty plea[] was unlawfully induced because [Trial Counsel] told him that he was not prepared for trial and that if [Appellant] did not enter a guilty plea he would be convicted and face more time in prison than if he entered a plea" and 2) "[Trial Counsel] told him his sentence . . . would be run concurrent to a sentence he had in Somerset County." Appellant's Brief at 5. However, in this case, the PCRA court held an evidentiary hearing where Trial Counsel testified that: 1) he never told Appellant that "[Appellant] had to plead guilty and could not go to trial" and, prior to the entry of the plea, he "discuss[ed Appellant's] options with [Appellant] and "suggested that [the plea] was the best arrangement that could be made" and 2) he "explain[ed] to [Appellant] that his

[two-and-a-half] to 15 year sentence would be in addition or consecutive to other matters that he had pending." N.T. PCRA Hearing, 3/15/21, at 15-16. Further, the PCRA court expressly found that Trial Counsel's testimony was credible. *See* PCRA Court Opinion, 3/29/21, at 10.

The PCRA court's credibility determinations render Appellant's claims on appeal meritless. Therefore, since the issues Appellant wished to pursue on appeal have no merit and since counsel complied with the procedural requirements for withdrawing as counsel, we grant counsel's petition to withdraw and affirm the order denying Appellant post-conviction collateral relief.

Petition to withdraw as counsel granted. Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2022