J-S08010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SUKORI L. BUTLER | : | |
| | : | |
| Appellant | : | No. 755 MDA 2021 |

Appeal from the Order Entered May 20, 2021
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001337-2019

BEFORE:  BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 13, 2022**

Sukori L. Butler appeals from the May 20, 2021 order denying his petition to be found eligible for the Recidivism Risk Reduction Incentive ("RRRI") program, 61 Pa.C.S. §§ 4501 *et seq*.  Counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), together with an application to withdraw.  Since the trial court erred in failing to treat Appellant's petition as one filed under the Post Conviction Relief Act ("PCRA") and providing him the attendant rights associated with a first PCRA petition during the underlying proceedings, we deny counsel's application to withdraw, vacate the order, and remand for proceedings consistent with this memorandum.

Given our disposition, a brief summary will suffice.  In 2018, Appellant and Stephanie Torres were in a romantic relationship.  After accusing Ms. Torres of cheating on him, Appellant entered Ms. Torres's apartment and

choked her multiple times. Ms. Torres ran outside to escape, but Appellant continued to physically assault and threaten to kill her. Appellant was charged with one count each of strangulation, harassment, and disorderly conduct, as well as two counts of simple assault. A jury convicted Appellant of all charges. The trial court sentenced Appellant to the following concurrent terms of incarceration: three to six years for strangulation and nine to twenty-four months for each count of simple assault. The court imposed no further penalty for Appellant's disorderly conduct conviction and found Appellant's harassment conviction merged with the first count of simple assault.

Appellant filed a post-sentence motion concerning merger. The trial court denied the motion. On direct appeal to this Court, Appellant argued the trial court erred in failing to merge the sentences for simple assault and strangulation and that the evidence was insufficient to support his strangulation conviction. Since Appellant failed to meet the merger test as outlined in 42 Pa.C.S. § 9765 and presented no argument on his sufficiency claim, we affirmed Appellant's judgment of sentence. *See Commonwealth v. Butler*, 256 A.3d 19 (Pa.Super. 2021) (non-precedential decision).

Within days of this Court's decision, Appellant *pro se* filed a petition seeking *nunc pro tunc* relief to be found eligible for the RRRI program. As discussed *infra*, this should have been treated as a timely, first PCRA petition. The trial court did not treat it as such and, instead, denied the petition without appointing counsel to represent Appellant, holding a hearing to determine whether Appellant wished to waive his rule-based right to counsel, or

providing notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

Appellant *pro se* filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. As this Court recognized Appellant was proceeding on appeal *pro se* from an order dismissing a first PCRA petition, we remanded the matter to the trial court to determine Appellant's eligibility for court-appointed counsel and retained jurisdiction over the matter.[1] Specifically, we remanded based upon Pa.R.Crim.P. 904(C), which we noted provides that "when [an] unrepresented defendant satisfies [the] judge that [the] defendant is unable to afford or otherwise procure counsel, [the] judge shall appoint counsel to represent [the] defendant on [the] defendant's **first** PCRA petition[.]" *Per Curiam* Order, 8/10/21 (emphasis in original). If the trial court found Appellant eligible, then we directed the court to appoint counsel to represent "Appellant in connection with this matter." ***Id***. If the court found Appellant was not eligible, we ordered Appellant to notify this Court of his non-eligibility and whether he intended "to retain new counsel or to represent [himself] on appeal." ***Id***.

Based upon this Court's *per curiam* order and our interpretation of Appellant's underlying petition as a PCRA petition, the trial court found

_____

[1] Admittedly, this Court probably contributed to the confusion surrounding the procedural posture of this matter by retaining jurisdiction instead of vacating the underlying order and remanding for the trial court to determine whether Appellant was entitled to the appointment of counsel for the underlying PCRA proceedings.

Appellant eligible for court-appointed counsel. Trial Court Order, 8/23/21. As a result, the trial court appointed counsel to represent Appellant, directed counsel to file any amendments within thirty days, and issued a rule to show cause upon the Commonwealth as to why a hearing should not be granted. *Id*. In other words, the trial court purported to take some of the steps necessary to provide Appellant the rights afforded to him with a first PCRA petition. Unfortunately, no further proceedings took place before the trial court because appointed counsel pursued the matter as if on direct appeal by filing an **Anders** brief with this Court.[2]

Before addressing counsel's application to withdraw or the issue Appellant sought to raise on appeal, we are compelled to address the trial court's initial failure to treat the underlying petition as one filed pursuant to the PCRA. "A sentencing court's incorrect determination regarding an offender's eligibility [for the RRRI program], which results in the failure to impose a reduced sentence, necessarily involves a challenge to the sentencing court's authority to impose a particular sentence." **Commonwealth v.**

---

[2] While counsel seeking to withdraw on direct appeal should filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), counsel seeking to withdraw on collateral appeal should file a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). As discussed *infra*, this is a collateral appeal. Thus, counsel should have filed a **Turner**/**Finley** letter. Were we to reach the adequacy of counsel's brief, we would accept the **Anders** brief but review it under the dictates of **Turner**/**Finley**. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) ("[B]ecause an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter.").

*Finnecy*, 249 A.3d 903, 912 (Pa. 2021). "That the PCRA does not expressly delineate this type of illegal sentencing claim does not preclude relief, considering sentencing illegality claims are always subject to review under the PCRA when raised in a timely petition." *Id*. (citation omitted). It is axiomatic that "the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act." *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphases in original).

Based on the foregoing, the trial court should have treated Appellant's *pro se* petition challenging his RRRI eligibility as a timely PCRA petition and proceeded under the dictates of the PCRA. *See e.g.*, Pa.R.Crim.P. 905 (concerning amendment of the original PCRA petition); 906 (concerning the ordering of an answer by the Commonwealth); 907 (concerning the procedures for entering a disposition without a hearing). Moreover, it appears from the record that this would have been Appellant's first PCRA petition, thereby entitling Appellant to the appointment of counsel pursuant to Rule 904(C) for the underlying PCRA proceedings, not just for purposes of appeal as occurred herein.[3] *See Commonwealth v. Bates*, ___ A.3d ___, 2022 WL 905939, at *4 (Pa.Super. filed March 29, 2022) (noting that first-time PCRA petitioners have a rule-based right to counsel throughout PCRA proceedings

---

[3] Although Appellant has not specifically raised an issue regarding his lack of counsel during the PCRA proceedings, we may do so *sua sponte*. *See Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa.Super. 2011) (discussing the right of this Court to address a defendant's lack of counsel *sua sponte* in PCRA matters).

in the PCRA court, including for any appeal taken from the disposition of the PCRA petition, and that "denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel") (citations and quotation marks omitted).

Accordingly, we vacate the order denying Appellant's petition and remand to the PCRA court to consider that petition under the dictates of the PCRA. As the PCRA court already determined Appellant is entitled to PCRA counsel, either appointed counsel or newly-appointed counsel shall assist Appellant in the PCRA proceedings.

Order vacated. Application to withdraw denied. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/13/2022