J. S25039/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
ANTHONY CIANCI, : No. 1563 EDA 2016
:
Appellant :


Appeal from the PCRA Order, April 29, 2016,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0003800-2008


BEFORE:  BENDER, P.J.E., RANSOM, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 27, 2017**

Anthony Cianci appeals ***pro se*** from the order of the Court of Common Pleas of Delaware County that dismissed his PCRA[1] petition without a hearing.  After careful review, we affirm.

The record reflects that appellant entered into a negotiated guilty plea to a charge of second degree felony robbery[2] at case number 3527 of 2008 on August 18, 2008.  At the same time, he entered into a negotiated guilty plea to charges of criminal mischief, a misdemeanor of the second degree,[3]

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3701(b)(1).

[3] 18 Pa.C.S.A. § 3304(a)(4).

and conspiracy[4] to commit criminal mischief at case number 3800 of 2008.[5] For the robbery conviction, the trial court sentenced appellant to a minimum of 267 days which was time served to 23 months' imprisonment in Delaware County Prison. The trial court sentenced appellant to a term of 2 years' probation for criminal mischief concurrent to the robbery sentence and 1 year of concurrent probation for conspiracy.

On August 6, 2010, the trial court held a **Gagnon II**[6] hearing for apparent probation violations. The trial court imposed a new sentence of 2 years' county probation on the criminal mischief offense. The probation term for criminal conspiracy had already expired.

On September 15, 2010, appellant was convicted of recklessly endangering another person ("REAP") and resisting arrest[7] and sentenced to 73 days to 23 months' imprisonment followed by 1 year of probation. On November 24, 2010, the trial court held a **Gagnon II** hearing and imposed a term of 2 years of county probation on the criminal mischief conviction consecutive to the sentence for REAP and resisting arrest.

---

[4] 18 Pa.C.S.A. § 903(a)(1).

[5] The conviction which is at issue here.

[6] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[7] 18 Pa.C.S.A. § 2705 and 18 Pa.C.S.A. § 5104, respectively.

On January 9, 2013, appellant was convicted of aggravated assault and simple assault[8] and was sentenced to an aggregate term of 5½ to 11 years' imprisonment followed by 5 years' probation. On March 13, 2014, the trial court held a ***Gagnon II*** hearing and imposed a state sentence of 12 to 24 months' imprisonment for the criminal mischief conviction and 6 to 12 months' imprisonment on the REAP and resisting arrest conviction for an aggregate term of 18 to 36 months.

Appellant appealed the March 13, 2014 sentences to this court and argued that the sentences were excessive. On May 29, 2015, this court affirmed. ***Commonwealth v. Cianci***, 122 A.3d 460 (Pa.Super. 2015) (unpublished memorandum).

On November 2, 2015, appellant filed a ***pro se*** PCRA petition and alleged that he did not receive proper credit for time served, the original sentence had expired, and that the sentencing was barred by double jeopardy. On November 10, 2015, the trial court appointed counsel. On February 17, 2016, appointed counsel filed a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (***en banc***). The trial court granted appointed counsel permission to withdraw. On April 4, 2016, the trial court gave appellant notice of its intention to dismiss the PCRA petition without an evidentiary hearing. On April 29, 2016, the trial court dismissed the PCRA petition.

---

[8] 18 Pa.C.S.A. §§ 2702(a) and 2701(a), respectively.

On May 16, 2016, appellant filed a notice of appeal to this court. On May 26, 2016, the trial court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant failed to comply with this order. On August 10, 2016, the trial court filed its opinion and stated that appellant's appeal should be quashed due to appellant's failure to file a Rule 1925(b) statement.

In order to preserve claims for appellate review, an appellant must comply when the trial court orders the production of a concise statement of errors complained of on appeal. Any issue not raised in a Rule 1925(b) statement is deemed waived. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). However, when an appellant raises an issue concerning the illegality of sentencing, such an issue is not waived even if the appellant failed to file a Rule 1925(b) statement when ordered to by the trial court. **See Commonwealth v. Williams**, 920 A.2d 887, 888 n.3 (Pa.Super. 2007).

In his brief, appellant raises the following two issues for this court's review:

> 1. Did the Trial Court err and abuse its discretion when recommitting [appellant] 24 months after serving his total sentence?
>
> 2. [W]as Direct Appeal Counsel ineffective when failing to raise the issue of Double Jeopardy in [appellant's] Direct Appeal?

Appellant's brief at 2.

- 4 -

Both issues at least indirectly relate to the potential illegality of the sentence appellant received. Double jeopardy claims implicate the legality of a sentence and are not subject to waiver. *See Commonwealth v. Andrews*, 768 A.2d 309, 313 (Pa. 2001), citing *Missouri v. Hunter*, 459 U.S. 359, 366 (1983). Therefore, this court will address both issues.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. *Id.* at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9543(a)(2); (2) his claims have not been previously litigated or waived, *id.* § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.]" *Id.* § 9543(a)(4).

*Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015).

Section 9543(a)(2)(vii) of the PCRA, provides that the imposition of a sentence greater than the lawful maximum is a condition eligible for relief under the PCRA. A claim that a prisoner did not receive credit for time served invokes the legality of sentence and is cognizable under the PCRA.

*See Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa.Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008).

Appellant correctly asserts that when he was originally sentenced on the robbery conviction, he received a sentence of 267 days to 23 months' imprisonment with a credit of 267 days for time served.  At the same time, he was sentenced to a 2-year concurrent term of probation for criminal mischief.  Appellant argues that the 267 days of credit he received for the robbery should also have been applied to the criminal mischief sentence so that he would have served 267 days of the 2-year probationary sentence.  As a result, when appellant was resentenced to serve 2 years of probation on August 6, 2010, he argues that he should have only received at most probation for 463 days, if the 267 days of credit were correctly applied.

Appellant fails to cite any statute, regulation, or case law to support his theory.  Although a sentencing court has the option to sentence someone to concurrent or consecutive sentences if more than one conviction exists, there is no legal support for appellant's theory that his probationary sentence is reduced based on credit for time served.  Section 9760(a) of the Sentencing Code provides:

> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> (1)   Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as

> a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(a)(1).

Here, appellant did not receive a prison sentence for the criminal mischief charge for which he received the probationary sentence. Also, there is nothing in the record to indicate that he was incarcerated at any time on the criminal mischief charge prior to sentencing. This contention has no merit.

Further, appellant is not entitled to duplicate credit for time served. **Commonwealth v. Hollawell**, 604 A.2d 723, 726 (Pa.Super. 1992). He received credit for his period of incarceration on a totally separate crime, the robbery. He is not entitled to credit for time served on two unrelated convictions.

Appellant next contends that his sentence of 12 to 24 months' imprisonment violates **North Carolina v. Pearce**, 395 U.S. 711, (1969), because he will have been "held in the confines of this offense for a total of 8 years." (Appellant's brief at 7.) **Pearce** involves three separate constitutional protections: a protection against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after a conviction, and multiple punishments for the same offense. **Id.**

Appellant appears to argue that he has received multiple punishments for the same offense because he twice had the probation re-imposed at **Gagnon** hearings and then had a prison sentence imposed for criminal mischief at the most recent **Gagnon** hearing.

Section 9771 of the Sentencing Code provides that a sentencing court may revoke an order of probation upon proof of the violation of specified conditions of probation. Upon revocation of probation, the sentencing alternatives available to the sentencing court are the same as were available at the initial sentencing.[9] A sentence of total confinement on the revocation of probation is permitted if the defendant has committed a crime. 42 Pa.C.S.A. § 9771(c)(1).

Here, upon convictions of various crimes, appellant had his probation reinstated twice and imprisonment was ordered the third time. The sentencing court acted within its authority. There was no violation of double jeopardy.

Finally, appellant asserts that his counsel was ineffective because he failed to raise the claim of double jeopardy in appellant's direct appeal.

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. **Commonwealth v. Rollins**, 558 Pa. 532, 738 A.2d 435, 441 (Pa. 1999). To overcome this presumption, Appellant must establish three factors. First, that the underlying claim has arguable merit. **See Commonwealth v. Travaglia**, 541 Pa. 108, 661 A.2d 352, 356 (Pa. 1995). Second, that counsel

---

[9] **See Commonwealth v. Fusselman**, 866 A.2d 1109 (Pa.Super. 2004).

had no reasonable basis for his action or inaction. ***Id.*** In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. ***See Rollins***, 738 A.2d at 441; ***Commonwealth v. (Charles) Pierce***, 515 Pa. 153, 527 A.2d 973, 975 (Pa. 1987). Finally, "Appellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that 'but for the act or omission in question, the outcome of the proceedings would have been different.'" ***See Rollins***, 738 A.2d at 441 (quoting ***Travaglia***, 661 A.2d at 357). A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs. ***Commonwealth v. (Michael) Pierce***, 567 Pa. 186, 786 A.2d 203, 221-22 (Pa. 2001); ***Commonwealth v. Basemore***, 560 Pa. 258, 744 A.2d 717, 738 n.23 (Pa. 2000); ***Commonwealth v. Albrecht***, 554 Pa. 31, 720 A.2d 693, 701 (Pa. 1998) ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met."). In the context of a PCRA proceeding, Appellant must establish that the ineffective assistance of counsel was of the type "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt [or] innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). ***See also (Michael) Pierce***, 786 A.2d at 221-22; ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (Pa. 1999).

***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007).

Although we could find any ineffectiveness claim waived for failure to file the Rule 1925(b) statement, we have already determined that

appellant's claim of double jeopardy has no merit. Therefore, appellant's claim that his counsel was ineffective because he failed to raise this claim of a violation of the constitutional protection against double jeopardy also has no merit. ***See Commonwealth v. Hanible***, 30 A.3d 426, 441 (Pa. 2011) (reiterating that counsel cannot be deemed ineffective for failing to raise a meritless claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017