J-S50008-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RAYMOND ROSE | : | |
| | : | |
| Appellant | : | No. 1538 WDA 2017 |

Appeal from the PCRA Order August 25, 2016
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003092-2004

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                 FILED NOVEMBER 14, 2018

Raymond Rose appeals from the August 25, 2016 order denying PCRA relief.  Counsel for Appellant, Emily M. Merski, Esquire, has filed a no-merit brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009), and an application to withdraw as counsel.[1]  We grant counsel permission to withdraw, and affirm.

_____

[1]  In a petition to withdraw from representation in a PCRA action, counsel is supposed to follow the procedures set forth in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc), not the requirements of Anders v. California, 386 U.S. 738 (1967) and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009), which govern withdrawals from representation on direct appeal. However, since the requirements of Anders are more stringent, we overlook the improper styling.  Commonwealth v. Fusselman, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004).

We summarize the underlying facts as originally set forth by the trial court. On December 1, 2004, Appellant pled guilty to one count each of involuntary deviate sexual intercourse and endangering welfare of children, and two counts each of indecent assault and corruption of minors. The charges stemmed from sexual acts Appellant engaged in with his eleven-year-old daughter in March and June of 2002, and in June of 2004, and inappropriate touching of his daughter and her step-sister when they were thirteen and fifteen years old respectively. He was sentenced to an aggregate term of imprisonment of thirteen to thirty-two years.

Appellant did not file post-sentence motions or a direct appeal. Thereafter, he filed a timely PCRA petition seeking reinstatement of his direct appeal rights, which was granted. On direct appeal, he challenged the discretionary aspects of his sentence, and charged counsel with ineffectiveness in failing to file a post-sentence motion preserving such claims. This Court found the sentencing claims waived for failure to preserve them in a post-sentence motion, dismissed the ineffectiveness claim without prejudice to raise it on collateral review, and affirmed the judgment of sentence. Commonwealth v. Rose, 932 A.2d 262 (Pa.Super. 2007) (unpublished memorandum).

Appellant filed a timely pro se PCRA petition on September 12, 2007, alleging therein that counsel was ineffective in failing to file a requested post-sentence motion preserving his right to challenge his sentence. Counsel was

appointed, and he filed a supplemental petition averring that Appellant should be afforded permission to file a nunc pro tunc post-sentence motion, as well as reinstatement of his appellate rights. The Commonwealth consented to the nunc pro tunc reinstatement of Appellant's right to file a post-sentence motion and direct appeal, and the court so ordered on November 21, 2007. Appellant's subsequent motion for reconsideration of sentence nunc pro tunc was denied on November 28, 2007, and this Court affirmed on appeal. Commonwealth v. Rose, 961 A.2d 1282 (Pa.Super. 2008) (unpublished memorandum).

On March 21, 2016, Appellant filed the instant motion for post-conviction relief. Since it was patently untimely, he invoked the timeliness exception for newly recognized constitutional rights, citing Alleyne v. United States, 570 U.S. 99 (2013), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016). The court appointed counsel, who filed a no-merit brief pursuant to Commonwealth v. Turner, 944 A.2d 947 (Pa. 1988), and an application for leave to withdraw. The PCRA court denied permission to withdraw. Thereafter, it issued Pa.R.A.P. 907 notice of its intent to dismiss the PCRA petition as untimely, and dismissed the petition on August 23, 2016. Appellant appealed, and this Court quashed the appeal on May 26, 2017, as Appellant had filed a pro se brief while he was technically still represented by counsel. Commonwealth v. Rose, 170 A.3d 1262 (Pa.Super. 2017) (unpublished memorandum).

Appellant filed another pro se PCRA petition within sixty days alleging abandonment of counsel and seeking restoration of his appellate rights nunc pro tunc pursuant to the procedure outlined in Commonwealth v. Bennett, 930 A.2d 1264 (Pa. 2007). The PCRA court granted reinstatement of Appellant's appellate rights by order dated September 7, 2017, appointed new counsel, and directed counsel to perfect the appeal within twenty days. Counsel filed a notice of appeal on Appellant's behalf, and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion. Thereafter, counsel sought and was granted permission to withdraw, and Attorney Merski entered her appearance on Appellant's behalf. A timely appeal to this Court was filed, but when Appellant failed to file a brief, this Court suspended the briefing schedule, and remanded the record to the PCRA court for a determination whether counsel had abandoned Appellant. Having determined that counsel had not abandoned Appellant, and that the brief was not filed due to inadvertence, the instant appeal proceeded. Counsel filed what was styled as an Anders brief. She subsequently filed a petition for leave to withdraw with this Court, together with a copy of the notice of rights letter sent to Appellant.[2] Appellant did not file a response.

Counsel for Appellant presents two issues for our review:

_____

[2] The Commonwealth notified this Court that it did not intend to file a responsive brief.

- 4 -

A. Whether the PCRA court erred when it denied the Appellant's PCRA petition filed March 29, 2016 after the Appellant asserted a newly[-]recognized constitutional right based on the reasoning in Alleyne v. U.S., 133 S. Ct. 2151 (2013) and Montgomery v. Louisiana, 136 S. Ct. 718 (2016)?

B. Whether the PCRA court abused its discretion when it denied the Appellant an evidentiary hearing on the merits of the PCRA petition?

Anders brief at 3.

Before we may reach the merits of the appeal, we must first determine whether counsel has complied with the technical requirements of Turner and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). As we held in Commonwealth v. Wrecks, 931 A.2d 717 (Pa.Super. 2007),

> Turner/Finley counsel must review the case zealously. Turner/Finley counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of Turner/Finley, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.  Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper Turner/Finley request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of Turner/Finley, the court—trial court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that

the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

Id. at 721 (citations omitted).

Counsel described her review of the record, addressed the issues Appellant raised in his petition, and explained why they lacked merit. She forwarded to Appellant a copy of the brief and her application to withdraw, and correctly advised him of his rights. Thus, we find that counsel has substantially complied with the technical requirements of Turner and Finley. Accordingly, we will review the merits of the issues contained in counsel's brief.

On appeal from the denial of PCRA relief, our standard of review compels us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. Commonwealth v. Lesko, 15 A.3d 345, 358 (Pa. 2011). We will review an order dismissing a PCRA petition in the light most favorable to the prevailing party at the PCRA level. Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The trial court dismissed Appellant's PCRA petition as untimely. PCRA counsel concurred in that assessment in her no-merit brief. Since the timeliness of the petition is jurisdictional, we cannot reach the merits of the issues unless the petition was timely filed. Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges,

and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within sixty days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1), (2). Appellant's judgment of sentence became final on September 14, 2008. The instant petition filed in 2016 is patently untimely unless one of the three exceptions to the time bar was pled and proven.

Appellant invoked the exception for newly-recognized constitutional rights, citing the United States Supreme Court decisions in Montgomery and Alleyne. 42 Pa.C.S. § 9545(b)(1)(iii). He asserted that these decisions created newly-recognized constitutional rights that were held to be retroactively applied. As the PCRA court and PCRA counsel duly noted, however, Appellant could not avail himself of the benefit of Alleyne. That decision was rendered three years before the instant petition was filed, and furthermore, it was not held by either the United States or Pennsylvania Supreme Courts to apply retroactively to cases where judgment of sentence had become final. See Commonwealth v. Newman, 99 A.3d 86 (Pa.Super. 2014); see also Commonwealth v. Ruiz, 131 A.3d 54 (Pa.Super. 2015) (noting that Newman did not invalidate a mandatory minimum sentence presented in an untimely PCRA petition).

Appellant's reliance upon Montgomery is also misplaced. In Montgomery, the United States Supreme Court held that its ruling in Miller v. Alabama, 132 S. Ct. 2455 (2012), which announced a new substantive

rule, was to be applied retroactively to juvenile offenders sentenced to life imprisonment without possibility of parole for homicide. Appellant was not convicted of homicide nor sentenced to life imprisonment without possibility of parole, and thus, Montgomery does not apply on the facts herein.

For these reasons, we find that the PCRA court properly determined that Appellant's PCRA petition was facially untimely, and further, that it failed to satisfy an exception to the timeliness requirement. Thus, the PCRA court was without jurisdiction to entertain the merits of Appellant's PCRA claims, and properly dismissed the petition without a hearing. Accordingly, we agree with PCRA counsel that Appellant has no meritorious claims, and grant her leave to withdraw.

Application of Emily M. Merski, Esquire to withdraw as counsel is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2018