J-S77039-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTONIO WHITE VUNDEL, | : | |
| | : | |
| Appellant | : | No. 1841 EDA 2017 |

Appeal from the PCRA Order May 3, 2017
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001475-2012

BEFORE:  OTT, J., DUBOW, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 13, 2019**

Antonio White Vundel (Appellant) appeals from the May 3, 2017 order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, following an evidentiary hearing.  Counsel has filed a motion to withdraw, as well as an ***Anders*** brief.[1]  We affirm the PCRA court's order and grant counsel's motion to withdraw.

On March 15, 2013, a jury convicted Appellant of possession of an instrument of crime and first-degree murder in connection with the fatal

---

[1] Counsel filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1997).  However, a ***Turner/Finley*** no-merit letter is the appropriate filing when counsel seeks to withdraw from representation on appeal from the denial of PCRA relief. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Because an ***Anders*** brief provides greater protection, we may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** no-merit letter in a collateral appeal. ***Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

* Retired Senior Judge appointed to the Superior Court.

shooting of Appellant's acquaintance, Melvin Stewart. Prior to trial, Appellant, through Craig Hosay, Esquire, his privately-retained counsel, filed a motion to suppress three statements Appellant made to police following Stewart's death.

By way of background, we provide the following summary of the trial court's factual findings from the suppression hearing. *See Commonwealth v. White*, 106 A.3d 159 (Pa. Super. 2014) (unpublished memorandum at *2-7) (setting forth the trial court's findings of fact). Stewart was shot and killed in the early morning hours of November 1, 2011. Later that day, as part of their investigation into Stewart's known associates, Upper Darby Township police detectives went to Appellant's home to see if he had information about the shooting. Following an interview in his living room, Appellant signed a statement memorializing his answers.

After obtaining information from others that Appellant may have been involved in the shooting, Detective Silberstein served a search warrant at Appellant's house on November 5, 2012. Appellant's mother, Jacqueline Douglas, who lived in the home, permitted the officers to enter the home. According to Detective Silberstein, Appellant voluntarily agreed to accompany the officers to the station to discuss the shooting. Appellant and Detective Silberstein rode in the backseat of an unmarked non-caged police car to the station. Appellant was neither handcuffed nor placed under arrest.

Once at the station, Detective Silberstein interviewed Appellant in a conference room. Detective Silberstein provided Appellant with a form advising him that he was free to leave at any time, which Appellant signed. Appellant got up several times to use the bathroom without an escort, and returned on his own accord by knocking on the door to be let back into the room. Over the next six hours, Appellant provided a written statement regarding the shooting (First Statement). In the First Statement, Appellant stated that he was at home when he heard a gunshot, and drove to the scene and discovered Stewart's slain body.

After the First Statement was signed, Detective Silberstein was advised that a witness identified Appellant as the shooter, and he placed Appellant under arrest. At that point, the officers frisked Appellant, inventoried his personal items, moved him to the interview room, and advised him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Without invoking any of his rights, Appellant provided another statement to police (Second Statement), and this time claimed he was present when Stewart was shot, but someone named Yin shot Stewart, handed Appellant the gun afterwards, and then retrieved the gun and disappeared.

Later in the evening, police advised Appellant of his *Miranda* rights for a second time, and told him another witness had identified him as the

shooter. Subsequently, Appellant confessed to shooting Stewart, and provided a final statement to police (Third Statement).

Attorney Hosay did not call any witnesses to testify at the suppression hearing. At the conclusion of the hearing, the trial court denied Appellant's motion to suppress, and the case proceeded to trial. On April 19, 2013, Appellant was sentenced to life in prison without parole followed by a six-month to five-year sentence of incarceration.

Appellant filed a direct appeal, challenging, *inter alia*, the denial of his suppression motion. This Court affirmed Appellant's judgment of sentence on August 14, 2014, concluding that based upon the trial court's determinations that Appellant had left his house willingly to accompany police to the station to discuss the shooting, was free to leave at any point, and voluntarily chose to answer questions, *Miranda*'s protections were not applicable because Appellant was not subject to custodial interrogation at the time he provided his First Statement. *See White*, *supra*. On February 19, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. White*, 110 A.3d 997 (Pa. 2015) (unpublished).

On May 4, 2016, Appellant timely filed a counseled PCRA petition, averring that Attorney Hosay rendered ineffective assistance of counsel by not calling Appellant and his mother, Jacqueline Douglas, to testify regarding Appellant's interactions with police prior to and during the taking of the First

- 4 -

Statement on November 5, 2011. PCRA Petition, 5/4/2016, at 2. The PCRA court conducted a hearing on Appellant's petition on October 28, 2016. At the hearing, Appellant, Appellant's mother, and Attorney Hosay testified, and the Commonwealth presented Detective Silberman as a rebuttal witness. Following briefing by the parties, the PCRA court entered an order denying Appellant's petition.

Appellant *pro se* filed a timely notice of appeal. Appellant's PCRA counsel, Carson Morris, Esquire, filed a motion to withdraw, averring that he was retained solely to represent Appellant at the hearing and was barred from representing Appellant due to his new employment. The PCRA court granted Attorney Morris's motion. Appellant requested court-appointed counsel, and in August 2017, J. Anthony Foltz, Esquire, entered his appearance on Appellant's behalf. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Subsequently, Attorney Foltz filed an application to withdraw his appearance before this Court, along with an **Anders** brief, concluding that there were no non-frivolous issues to be raised on appeal. Appellant filed a response *pro se*, acknowledging that counsel properly raised the issue Appellant wanted to present, but maintaining that Attorney Foltz failed to investigate adequately such issue, because if he had, he would have seen that the record demonstrated that the testimony of Appellant and his mother was credible and the testimony of Detective Silberman and Attorney Hosay

- 5 -

was not credible. Response to Counsel's Petition to Withdraw and **Anders** Brief, 9/25/2018, at 1-4.[2]

Before we may address the potential merit of Appellant's claim, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

> … **Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" … brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of **Turner/Finley**, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper **Turner/Finley** request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, … this Court … must then conduct its own review of the merits of the case. If [this Court] agrees with counsel that the claims are

---

[2] Appellant initially requested an extension of time to respond to Attorney Foltz's **Anders** brief and application to withdraw. *Pro se* Application for Extension, 9/13/2018, at 1. Before any order was entered by this Court, Appellant filed the response referenced *supra*, wherein he also requested that the Superior Court enter an order permitting him to file a brief *pro se*. Response to Counsel's Petition to Withdraw and **Anders** Brief, 9/25/2018, at 4. This Court entered an order permitting Appellant to file a response to counsel's petition to withdraw and **Anders** brief within 30 days. Order, 10/15/2018, at 1. Appellant filed neither a brief nor any further filings after the entry of the October 15, 2018 order.

without merit, [this Court] will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, [this Court] will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

We are satisfied that counsel has complied with the technical requirements of ***Turner*** and ***Finley***. Therefore, we will consider the substantive issue contained in counsel's ***Anders*** brief and Appellant's response: whether the PCRA court erred in denying Appellant's PCRA petition based upon Attorney Hosay's failure to call Appellant and his mother as witnesses to testify at the suppression hearing. ***See Anders*** Brief at 5; Response to Counsel's Petition to Withdraw and ***Anders*** Brief, 9/25/2018, at 2.

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record. ***Commonwealth v. Orlando,*** 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective, and the petitioner bears the burden of proving to the contrary." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018).

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted).

In cases involving the failure to call a potential witness, a petitioner satisfies the underlying-merit and prejudice prong

> by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.... To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

***Commonwealth v. Matias***, 63 A.3d 807, 810-11 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted).

- 8 -

In the instant case, at the PCRA evidentiary hearing, Appellant's mother testified that around 8 a.m. on November 5, 2011, eight to ten police officers came to her house, knocked on the door, and demanded to know whether Appellant was home. N.T., 3/14/2013, at 24-28. According to Appellant's mother, they did not present a warrant, but the officers entered the home. *Id.* at 32. Several officers stayed with her on the first floor while the rest went upstairs, including an officer with his gun drawn. *Id.* at 26-28. The officers reappeared, leading Appellant by the hood on his sweatshirt down the stairs, outside, and into the back of a police car. *Id.* at 29-32. She claims she provided all of this information to Attorney Hosay prior to the suppression hearing, she was expecting to testify at the hearing, and Attorney Hosay did not provide her with any reason why he decided not to call her on the day of the hearing. *Id.* at 40-55.

Also at the evidentiary hearing, Appellant testified that he was sleeping upstairs when police officers, including one with his gun drawn, barged into his room, threw clothes at him, and told him to put on the clothes because he was coming to the station. *Id.* at 66-70. According to Appellant, one officer grabbed him by his hood, and put him into the police car. *Id.* He acknowledged that he signed the non-custodial rights form, but claims it was not explained to him, he did not know what he was signing, he was told he could not leave, and he was escorted by an officer every time he went to the bathroom over the course of the day. *Id.* at 70-80. Appellant

stated he explained the foregoing to Attorney Hosay, who told him he was not going to call him to testify at the suppression hearing because his testimony might harm him at trial. *Id.* at 81-84, 87-91.

Attorney Hosay, on the other hand, denied that Appellant and his mother ever told him the version of events consistent with their testimony, including that officers had a gun drawn or led Appellant out by his hood. *Id.* at 104-132. He said if they had, he certainly would have called them to testify at the hearing. *Id.* He stated that he interviewed both Appellant and his mother several times, and they never told him such details or gave any indication that he may have had a basis to argue that Appellant was in custody at the time he gave the First Statement. *Id.* Attorney Hosay also testified that his notes from the interviews did not contain any mention of such facts. *Id.* at 135, 145.

Detective Silberstein testified as a rebuttal witness, stating that there were only about six officers at the house on November 5, 2011, Appellant's mother gave them permission to go upstairs to talk to Appellant, none of the officers had a gun raised or displayed, Appellant walked down the stairs on his own accord, the police did not order him to come to the station, he voluntarily agreed to go to the station, and his freedom to leave was not restrained at any time up until he was arrested. *Id.* at 156-73.

In an exhaustive opinion, the PCRA court thoroughly analyzed the testimony at the PCRA evidentiary hearing, and concluded that Attorney

Hosay was not ineffective for choosing not to call Appellant and his mother as witnesses at the suppression hearing. PCRA Court Opinion, 12/1/2017, at 23. Specifically, the PCRA Court found the testimony of Appellant and his mother to be incredible, including their testimony that prior to the suppression hearing they told Attorney Hosay the facts testified to at the PCRA hearing, and instead credited the testimony of Attorney Hosay that he had no basis to believe that Appellant and his mother had evidence to contradict the testimony of police or support a claim that Appellant was in custody prior to or at the time of the First Statement. *Id.* at 23-30. In short, the PCRA court determined that Attorney Hosay "cannot be ineffective for failing to introduce evidence that neither [Appellant] nor his mother ever told [him]." *Id.* at 27 (citing *Commonwealth v. Uderra*, 706 A.2d 334, 340 (Pa. 1998) ("Appellant's own failure to cooperate with counsel in order to apprise him of allegedly relevant information cannot now provide a basis for ineffectiveness claims."); *Commonwealth v. Bond*, 819 A.2d 33, 45-46 (Pa. 2002) ("Counsel cannot be found ineffective for failing to introduce information uniquely within the knowledge of the defendant and his family which is not provided to counsel.").

In his response to the *Anders* brief and petition to withdraw, Appellant essentially urges us to ignore the PCRA court's credibility findings and make our own based upon the cold record, thereby crediting the testimony of him and his mother. Response to Counsel's Petition to

- 11 -

Withdraw and **Anders** Brief, 9/25/2018, at 2. This we cannot do. "A PCRA court's credibility findings are to be accorded great deference," and, if the findings are supported by the record, they are binding upon a reviewing court. **Commonwealth v. Orlando,** 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted). Based upon the testimony at the PCRA hearing and the PCRA court's credibility determinations, we discern no abuse of discretion in the PCRA court's decision to dismiss Appellant's PCRA petition. Because Appellant and his mother did not reveal facts in their interviews with counsel supporting an argument that Appellant was in custody prior to and at the time Appellant provided the First Statement, it was reasonable not to present their testimony. Moreover, based upon the PCRA court's credibility findings, Appellant failed to demonstrate prejudice. Indeed,

> [t]his case [] does not involve a trial judge who was convinced that the unpresented evidence raised a reasonable probability that the result might have been different. The PCRA judge here - the very judge who presided at [the suppression hearing] - reached the opposite conclusion after a thorough PCRA evidentiary hearing in this case.

**Bond**, 819 A.2d at 45.

Furthermore, our independent review of the certified record does not reveal any other meritorious issues. **See Wrecks**, 931 A.2d at 721. Therefore, we affirm the PCRA court's order dismissing Appellant's PCRA petition and grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/19