J-S02043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANK ROUCROFT | : | |
| | : | |
| Appellant | : | No. 1734 EDA 2021 |

Appeal from the PCRA Order Entered August 11, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0001729-2018

BEFORE:  OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED MARCH 18, 2022**

Frank Roucroft (Appellant) appeals from the order entered on August 11, 2021, in the Montgomery County Court of Common Pleas, dismissing his petition for collateral relief filed under the Post Conviction Relief Act (PCRA).[1] Appellant seeks relief from the judgment of sentence of 4½ to 10 years' incarceration, imposed on October 31, 2019, after the trial court convicted him of possession with intent to deliver controlled substances (PWID), criminal use of a communication facility, and conspiracy.[2]  Appellant's court-appointed counsel, Robert L. Adshead, Esquire (PCRA counsel), has filed a petition to withdraw from representation and a brief pursuant to ***Anders v. California***,

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  35 P.S. § 780-113(a)(30), and 18 Pa.C.S. §§ 7512(a) and 903, respectively.

386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), *abrogated,* **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[3] We grant PCRA counsel's petition to withdraw, and affirm the order dismissing Appellant's petition.

A recitation of the underlying facts is not necessary to our disposition. Briefly, on August 30, 2019, at the conclusion of a bench trial, the court found Appellant guilty of the above-stated crimes. On October 31, 2019, the court then sentenced Appellant to an aggregate term of 4½ to 10 years' imprisonment. Appellant did not file a post-sentence motion or direct appeal.

In September 2020, Appellant filed a *pro se* PCRA petition, and the court subsequently appointed PCRA counsel. Although not indicated on the docket, PCRA counsel filed a no-merit letter, dated June 23, 2021, pursuant to **Turner**/**Finley**. **See** PCRA Ct. Op., 10/19/21, at 2. After the PCRA court conducted an independent review of the record, it held a hearing on August 10, 2021, to address the "sole issue of whether trial counsel was ineffective for in failing to file and/or consult with Appellant regarding a direct appeal." **Id.**

---

[3] Preliminarily, we note that PCRA counsel erroneously seeks to withdraw under **Anders**, **supra**, instead of the proper procedure espoused in **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Generally, we accept an **Anders** brief in lieu of a **Turner/Finley** letter because an **Anders** brief provides greater protection to the defendant. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

At the evidentiary hearing, PCRA counsel presented the testimony of

trial counsel, Sean Cullen, Esquire (Attorney Cullen or trial counsel), and that

of Appellant, which was summarized by the court as follows:

Attorney Cullen, an experienced criminal defense attorney, has been licensed as an attorney since 1997. He worked in the Montgomery County District Attorney's Office, first as an intern, and later he was sworn in as an Assistant District Attorney in, 1998. There he prosecuted about 2,500 criminal cases and rose to the chief of the narcotics unit. After leaving the District Attorney's Office in 2004, he worked for a law firm concentrating on criminal defense. He went on to establish his own firm in 2007, where he currently practices criminal law, and is also Of Counsel for criminal matters for another law firm. He estimated that he has represented thousands of clients that were charged with Drug Act felonies.

Several years ago, Attorney Cullen was court-appointed to represent Appellant regarding a possession with intent to deliver charge. Attorney Cullen met with Appellant several times prior to trial, and ultimately Appellant elected to proceed with a non-jury trial. Attorney Cullen verified that Appellant was found guilty at the trial. He recalled that sentencing was held on October 31, 2019, and that he advised Appellant of his post-sentence rights. In fact, Attorney Cullen had a specific recollection of advising Appellant of his right to file a post-sentence motion and of his right to file an appeal and the time limits in which to do so. Attorney Cullen explained that he advised Appellant twice, once in the courtroom before he left and then when he went to see Appellant at the correctional facility.

In a letter dated November 5, 2019, from Attorney Cullen addressed to Appellant, he memorialized the meeting at the correctional facility he had with Appellant on that date. The meeting was only five days from the date Appellant was sentenced, well within the appeal period. At that meeting, Attorney Cullen brought with him the standard appeal rights form and went over Appellant's case with him. He took time to explain any possible issues that might exist for appeal. It was Attorney Cullen's professional opinion that the Commonwealth tried the case in a way to avoid potential appellate issues, and that the case was "very tight" from a prosecution standpoint. Attorney Cullen

told this Court that it was ultimately Appellant's decision not to appeal. Attorney Cullen categorically denied that Appellant directed him to file an appeal. Rather, Appellant told him not to.

The next time Attorney Cullen heard from Appellant was by way of a letter he received in his office on June 17, 2020. Therein, Appellant for the first time requested that Attorney Cullen file an appeal or a PCRA. The envelope from the letter was post-marked June 15, 2020. Attorney Cullen responded to Appellant's letter several days later, on June 22, 2020, explaining that the appeal period has run, and that if he wanted to file a PCRA, he could not represent him with that petition.

Next, Appellant testified. Appellant recalled meeting with Attorney Cullen at the prison on November 5, 2019, and that they spoke about the case and the appeal. When asked whether he specifically told Attorney Cullen to file a direct appeal, Appellant stated as follows:

> Yes. I — yeah, that date and the date I got sentenced. I signed all these papers and initialed all these papers that I said, What are they for? He said for the appeal. So I just - — when he came to see me, I thought he already, you know, started the appeal.

Appellant did not remember receiving the November 5, 2019 letter, memorializing his decision not to proceed with an appeal. Appellant reaffirmed that he told Attorney Cullen on the date he was sentenced and shortly after he was sentencing that he wanted to file an appeal.

PCRA Ct. Op. at 2-4 (record citations omitted).

At the conclusion of the hearing, the court made the following findings:

I find that Attorney Cullen did testify truthfully and accurately. I find his testimony is credible and worthy of belief and I do credit it. On the other hand, [Appellant]'s testimony was somewhat inconsistent. His memory was not great on some of the issues. I further note that the post-sentence rights form was made part of the record. That does accurately contain the time limits and the post-sentence rights. I find [Appellant] did not prove that he's worthy of any relief here and the petition is denied.

N.T., 8/10/21, at 37.

On August 11, 2021, the PCRA court entered an order dismissing Appellant's petition. This appeal followed.[4] Subsequently, on November 8, 2021, PCRA counsel filed a petition to withdraw with this Court, attaching his November 5, 2021, letter to Appellant, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel. Appellant did not file a response.[5]

On appeal, Appellant presents one challenge:

> Whether there is anything in the record that might arguably support an appeal to this honorable Court, including whether the [PCRA] court abused its discretion by concluding that trial counsel and PCRA witness [Attorney Cullen], was a credible witness and [Appellant] was not.

*Anders* Brief at 1.

Before we may conduct any substantive analysis, we must examine whether PCRA counsel has met the procedural requirements for withdrawing as counsel.

> Counsel petitioning to withdraw from PCRA representation . . . must review the case zealously. [PCRA] counsel must then

_____

[4] On September 9, 2021, Appellant timely complied with the PCRA court's directive to file a concise statement or errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court issued a Pa.R.A.P. 1925(a) opinion on October 19, 2021.

[5] Additionally, on December 3, 2021, the Commonwealth sent a letter to this Court, indicating that it would not file a brief because it was in agreement with PCRA counsel that there was no basis in either law or fact to support Appellant's appeal.

submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

Where counsel submits a petition and no-merit letter that. . . satisfy the technical demands of **Turner/Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted).

Instantly, we conclude that PCRA counsel has substantially complied with the requirements of **Turner/Finley**. Specifically, PCRA counsel's **Anders** brief and petition to withdraw detail the nature and extent of his review, address the issue raised at the PCRA hearing, and determine that the claim lacked merit and was frivolous. PCRA counsel indicated that after his own independent review of the record, he found "there [were] no issues of arguable merit to be raised on appeal, other than issues which are wholly frivolous." **Anders** Brief at 10. In his letter to Appellant, PCRA counsel indicated he sent Appellant his petition to withdraw, as well as his **Anders** brief, and notified him that he had the right to retain private counsel or proceed *pro se*. As counsel has complied with the technical requirements to

withdraw his representation pursuant to ***Turner/Finley***, we must now conduct our independent review of the issues raised by counsel and determine whether the issues lack merit. ***See Walters***, 135 A.3d at 591.

As mentioned above, Appellant complains that the PCRA court abused its discretion because "it did not find Appellant's testimony credible while, at the same time, finding trial counsel's testimony credible." ***Anders*** Brief at 4. Restated, Appellant is challenging the court's credibility determinations concerning trial counsel's ineffectiveness for failing to file a direct appeal when Appellant purportedly requested counsel to do so.

Based on the nature of Appellant's claim, we are guided by the following. Our standard of review regarding the denial of PCRA relief calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. ***See Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.***

Moreover, "[a] PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made[.]" ***Commonwealth. v. Johnson***, 966 A.2d 523, 539 (Pa. 2009) (citations

omitted). ***See also Commonwealth v. Flor***, 259 A.3d 891, 910-11 (Pa. 2021).

In the context of a collateral challenge based on ineffectiveness, counsel is presumed to have been effective. ***Commonwealth v. Sneed***, 45 A.3d 1096, 1106 (Pa. 2012) (citation omitted). To overcome this presumption, a petitioner is required to show: (1) the claim is of arguable merit; (2) counsel lacked an objective, reasonable basis for their actions; and (3) prejudice resulted from counsel's deficient performance. ***Id.*** Failure to establish any of the three prongs of this test is fatal to the claim. ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012).

Here, the PCRA court opined:

> In this case, this [c]ourt was in the best position to determine the credibility of both Attorney Cullen and that of Appellant, and did so, determining that Attorney Cullen credibly testified that he did advise Appellant of his right to file an appeal, and that Appellant directed him not to do so. Attorney Cullen's testimony was supported by the November 5, 2019 letter, which memorialized his meeting with Appellant at the prison on that date, and Appellant's determination not to go ahead with an appeal. Appellant remembered that Attorney Cullen came to visit him shortly after sentencing, despite not remembering whether he received the letter itself. Appellant seemed confused when testifying about what happened at the time of sentencing and his memory as to the events was not reliable. Therefore[,] his testimony that he directed Attorney Cullen to file an appeal was not credited. . . .

PCRA Ct. Op. at 6-7.

We agree with the PCRA court's sound reasoning. Appellant is basically requesting that this Court usurp the role of the PCRA court and render our

own credibility determinations that counsel failed to have constructive conversations with Appellant about filing a direct appeal. We are not permitted to do so. *See Johnson*, *supra*. Our review of the certified record confirms that the PCRA court's findings and determinations are supported by the evidence and, therefore, we must accept them.

Indeed, trial counsel testified that he spoke to Appellant about his appellate rights on two occasions. First, immediately following the October 31st sentencing, counsel advised Appellant about Appellant's right to file post-sentence motions and a direct appeal. *See* N.T., 8/10/21, at 12-13. The second time occurred five days later, on November 5th, wherein counsel met with Appellant at the correctional facility. *See id.* at 13-15. Counsel provided Appellant with the standard appeal rights form and went over Appellant's case with him to explain the "ramifications" that he was facing. *Id.* at 15. Counsel testified that the Commonwealth's case was strong and that while he believed Appellant "had the right to appeal, [counsel] explained and went through every issue with him." *Id.* Counsel stated that it was Appellant's "decision not to appeal." *Id.* at 15-16. Counsel then memorialized his conversation with Appellant in a letter that was dated the same day as the meeting. In that letter, counsel also stated he "would have been more than happy to provide parole services to prepare [Appellant] for parole" and that he wanted Appellant "to stay in touch with [him] so that [Appellant] could do all the right things to keep the sentence as short as possible." *Id.* at 16. Counsel did aver

that there was a scrivener's error in the letter – noting he wrote that Appellant should contact him "as soon as [Appellant received] information that [he was] coming up for 'appeal[.]'" *Id.* at 17. Counsel testified that it should have stated "parole," not appeal. *Id.*. Counsel averred that he did not receive a response from Appellant regarding his November 5th letter until June 2020, approximately seven months letter. *See id.* at 18-19.

Appellant, also testifying at the evidentiary hearing, confirmed that he spoke with trial counsel about his post-sentence and direct appeal rights and that he signed certain documents after he was sentenced. *See* N.T., 8/10/21, at 27, 29. Nevertheless, he testified that he thought those papers were for the direct appeal. *Id.* at 29. He also stated that he thought he sent counsel a letter asking if counsel filed "an appeal for [him] or a PCRA" but could not produce any documentation reflecting his request. *Id.* at 31-32.

Based on the record before us, it is clear the PCRA court was free to reject Appellant's claim. Appellant presented no substantiated explanation of when he allegedly requested that trial counsel file a direct appeal, and counsel both testified and produced documentation demonstrating Appellant's direct appeal rights were made known to him and he made the decision not to appeal. We reiterate that the PCRA court's credibility determinations should be provided great deference by reviewing courts. *See Johnson*, 966 A.2d at 539. Accordingly, Appellant's sole argument on appeal is unavailing.

Lastly, after conducting our independent review, we are in agreement with PCRA counsel that there is no basis for relief in the present case. ***See Walters***, 135 A.3d at 591. Accordingly, we affirm the PCRA court's dismissal of Appellant's petition, and we grant counsel's petition to withdraw.

Order affirmed. PCRA Counsel's Petition for Leave to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2022