J-S15026-24

2024 PA Super 314

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK FRAZIER | : | |
| | : | |
| Appellant | : | No. 1911 EDA 2021 |

Appeal from the PCRA Order Entered August 5, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003799-2018

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

OPINION BY NICHOLS, J.:                    **FILED DECEMBER 31, 2024**

Appellant Derrick Frazier appeals from the order denying his Post

Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant's counsel,

Margeaux Kelly Cigainero, Esq., (Attorney Cigainero) has filed an application

for leave to withdraw and an ***Anders***/***Santiago***[2] brief.  After review, we grant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note that Attorney Cigainero seeks permission for leave to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), instead of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  ***See Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (stating that counsel petitioning to withdraw from PCRA representation must proceed not under ***Anders***, but under ***Turner*** and ***Finley***).  In any event, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter because an ***Anders*** brief provides greater protection to the defendant).  ***See Commonwealth v. Fusselman***, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

Attorney Cigainero's application to withdraw and remand for further proceedings.

Briefly, on September 11, 2018, Appellant pled guilty to aggravated assault and possession of an instrument of crime.[3]  That same day, the trial court sentenced Appellant to a term of six to twelve years' incarceration, followed by five years' probation.  Appellant did not file a direct appeal.

On December 1, 2020, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed Attorney Judge Hall, Esq. (Attorney Hall), who filed a **Turner**/**Finley** no-merit letter.  On July 6, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. On August 5, 2021, the PCRA court issued an order dismissing Appellant's petition.

On September 3, 2021, the PCRA court docketed Appellant's *pro se* notice of appeal.  The PCRA court subsequently appointed Attorney Cigainero, who filed a court-ordered Pa.R.A.P. 1925(b) statement on Appellant's behalf.

On appeal, Attorney Cigainero has identified the following issue for review:

> Whether [Appellant's] guilty plea was entered into knowingly and intelligently because he stated in his PCRA [petition] that he did not know the parole violation penalty would run consecutively to his new sentence?

**Anders**/**Santiago** Brief at 7.

_____

[3] 18 Pa.C.S. §§ 2702(a) and 907(a), respectively.

Before addressing the merits of the matters identified in the *Turner*/*Finley* brief, we must first consider whether Attorney Cigainero met the technical requirements for withdrawing from representation. *Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016). This Court has explained:

> Counsel petitioning to withdraw from PCRA representation must proceed under [*Turner* and *Finley*] and must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> Where counsel submits a petition and no-merit letter that satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-11 (citations omitted and formatting altered).

Here, Attorney Cigainero has filed an application for leave to withdraw stating that she reviewed the record and determined that the appeal was frivolous. *See* Application to Withdraw, 9/7/23. Although Attorney Cigainero indicated that she sent Appellant a copy of the *Turner*/*Finley* brief, she failed to provide proof of service for the application to withdraw or the *Turner*/*Finley* brief. Further, Attorney Cigainero failed to attach a copy of

- 3 -

the letter mailed to Appellant informing him of his right to retain new counsel or proceed *pro se*.[4]

Ordinarily, we would conclude that Attorney Cigainero has failed to comply with ***Turner***/***Finley*** and deny Attorney Cigainero's petition to withdraw. ***See Muzzy***, 141 A.3d at 510. However, because Attorney Cigainero has previously failed to comply with this Court's orders directing her to comply with ***Turner***/***Finley***, we conclude that in the interests of judicial economy, it is necessary to grant Attorney Cigainero's motion to withdraw and remand this matter for the PCRA court to appoint new counsel on Appellant's behalf. ***See Commonwealth v. Burrus***, 2021 WL 2288077, at *1 (Pa. Super. filed June 4, 2021) (unpublished mem.) (remanding for the

---

[4] We note that on December 19, 2023, this Court entered an order directing Attorney Cigainero to provide Appellant with copies of her application to withdraw and ***Turner***/***Finley*** brief, to provide written notice to the Prothonotary of this Court that she has complied, and to file with the Prothonotary of this Court seven copies of a letter addressed to Appellant advising him of his immediate right to proceed *pro se* or with privately retained counsel. Attorney Cigainero failed to comply within the designated time period. On January 30, 2024, this Court entered an order directing Attorney Cigainero to comply with this Court's prior order within five days. Attorney Cigainero again failed to comply.

On February 14, 2024, and February 22, 2024, the Prothonotary of this Court attempted to reach Attorney Cigainero but she did not respond. On March 1, 2024, this Court issued an order notifying Appellant of his immediate right to proceed *pro se* or through privately retained counsel. The order also directed this Court's Prothonotary to send Appellant a copy of Attorney Cigainero's filings along with this Court's order.

appointment of new counsel in a **_Turner_**/**_Finley_** matter).[5]  We note that Attorney Cigainero's repeated disregard of this Court's orders and failure to respond to communications from this Court's Prothonotary is both irresponsible and troubling. Further, such behavior is not in the best interest of her client nor the administration of justice.

On remand, we direct the PCRA court to appoint new counsel for Appellant within fourteen days of this order.  Within the fourteen-day period, the court of common pleas shall provide this Court with a copy of the appointment order and an updated docket reflecting entry of appearance of new counsel.  New counsel shall, within thirty (30) days of the date of this Order, also enter their appearance in this Court.

Upon entry of appearance by new counsel in this Court, this Court's Prothonotary is DIRECTED to send new counsel a copy of Attorney Cigainero's **_Turner_**/**_Finley_** brief.  New counsel shall have forty-five (45) days from the date of entry of appearance to file an advocate's brief for Appellant or file a new application to withdraw with a **_Turner_**/**_Finley_** brief.

Petition to withdraw as counsel granted in favor of the appointment of new counsel.  Case remanded with instructions.  Jurisdiction retained.

Judge Colins joins the opinion.

Judge Olson concurs in the result.

_____

[5] **_See_** Pa.R.A.P. 126(b) (stating that we may cite to unpublished memoranda filed after May 1, 2019 for persuasive value).